BOSTON AND LOWELL RAILROAD COMPANY *vs.* JAMES K.
PROCTOR.

A railroad passenger ticket which is dated, and bears upon its face a printed statement
"Good only two days after date," ceases to be valid after the expiration of the two
days.

CONTRACT to recover seventy five cents for carrying the de
fendant from Lowell to Boston. The following facts were
agreed in the superior court: The defendant while travelling as
a passenger in the plaintiffs' cars from Lowell to Boston, March
21 1860, being asked by the conductor for his fare, presented a
ticket issued by the Vermont Central Railroad Company, dated
March 16 1860, on which the words "Good for this trip only"
were printed in black ink as a part of the ticket, and the words
"Good only two days after date" were stamped upon its face
in red ink; but the conductor refused to receive the same, be-
cause the time named upon it had expired. During that month
of March an arrangement existed between the Boston and Low-
ell Railroad Company and the Vermont Central Railroad Com-
pany and the intermediate railroad companies, by which each
of them might sell through tickets over the whole continuous
line of railroad formed by their several railroads, and by which
each was bound to carry over its road the persons holding such
tickets, provided the same were presented within the times lim
ited thereon. On March 16 1860, the defendant, being in Ver-
mont, purchased at one of the stations of the Vermont Central
Railroad Company a pass through to Boston, consisting of four
tickets, each for a part of the distance, and one of which was
the ticket above described, entitling the bearer to be carried from
Nashua, N. H., to Boston. The defendant used these tickets as
far as Lowell, which he reached on March 17, and stayed there
until March 21, when he continued on to Boston, and presented
one of the same tickets to pay his fare over the plaintiff's road.
Upon these facts *Rockwell*, J., gave judgment for the defendant,
and the plaintiffs appealed.

*J. G. Abbott & S. A. Brown*, for the plaintiffs, cited *Barker* v. *Coflin*, 31 Barb. 556; *Cheney* v. *Boston & Maine Railroad*, 11 Met. 121.

*D. S. & G. F. Richardson*, for the defendant. It is the duty of a railroad company to carry a passenger who pays his fare when he presents himself within a reasonable time; and it cannot evade this duty in the mode adopted in this case. The facts agreed do not show that the limitation of time stamped upon the ticket was ever read by the defendant, and unless known by him the limitation is invalid. There is no presumption that the defendant read or assented to the limitation. *Brown* v. *Eastern Railroad*, 11 Cush. 97.

CHAPMAN, J. The plaintiffs having carried the defendant from Lowell to Boston, March 21 1860, are entitled to recover their usual fare, being seventy five cents, unless he has paid or tendered the amount. He offered to the conductor a ticket, dated March 16 1860, and having the words " Good only two days after date" stamped in red ink upon its face. He contends that the plaintiffs were bound to accept this ticket; and that, contrary to its terms, he could at his option and against their will extend the contract from two days to five days.

But courts of law must enforce contracts as the parties make them, and can neither set aside any of their terms nor add new ones. In the absence of fraud, which is not suggested here, the court can see no reason why the defendant should make his ticket available beyond its terms. The plaintiffs are not bound to issue tickets; and if they do issue them, they alone must fix their terms. They were not bound to make an arrangement by which the defendant, being in Vermont, could purchase a ticket through to Boston. But it is for the accommodation of the public as well as of railroad companies that arrangements should exist among connecting lines of roads, and that there should be tickets, by means of which passengers can pass over the whole route. Such arrangements, however, would be impossible if every passenger were at liberty to disregard them. Should abuses grow out of the system, legislation can correct them.                    *Judgment for the plaintiffs.*